JOSEPH FRIEDBERG, ABRAM FRIEDBERG, LOUIS FRIED-
BERG AND ALEXANDER FRIEDBERG, PARTNERS,
TRADING AS THE NEW BRUNSWICK CORNICE WORKS,
PLAINTIFFS-RESPONDENTS, v. SYLVESTER SCUTEL-
LARO, DEFENDANT-APPELLANT.

Submitted November 6, 1924—Decided February 10, 1925.

**Contracts—Building—Alleged Mechanics' Lien—Record Fails to
Disclose Suit was Upon Such Claim, That Such Claim was
Offered in Evidence, or That if Existing, the Proper En-
dorsement was Placed Thereon.**

On appeal from the Circuit Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Reilly, Quinn & Parsons.*

For the respondents, *Edmund A. Hayes.*

PER CURIAM.

This is an appeal from a judgment entered in the Mon-
mouth County Circuit Court in a case heard by Judge Law-
rence, sitting as a Circuit Court judge. In the state of the
case I find notice given by counsel for the appellant that the
defendant appeals on the ground "that the court had no juris-
diction of the cause of reason of the failure to endorse upon
the lien claim the date of issuing summons, and that the
plaintiffs were barred from proceeding on such claim." No
grounds of appeal appear to have been filed. An examination
of the record does not disclose that the suit was upon a
mechanics' lien claim. By the complaint it appears to be a
suit upon a building contract entered into between the
plaintiffs below and the defendant below for the construction
of certain parts of a two-story brick building owned by the
defendant. The nearest approach to an intimation that the
claim might be connected with a mechanics' lien is the

affirmation in the fifth paragraph of the complaint that the lien is a debt upon the building and land by virtue of the Mechanics' Lien law. The mechanics' lien itself was not offered in evidence, and the point set out in the notice of appeal was not raised in the court below. On the contrary, the parties proceeded to trial without objection, and, finally, in the course of a colloquy between the court and defendant's counsel, counsel admitted that the sum of $407.50 was due. So far as appears from the record, this case was the ordinary one of an action at law, and the judgment entered in the cause so characterizes it. A general verdict and judgment appears to have been given against the defendant. Under these conditions no error appears in the trial of the cause. Even if, in fact, the case was based upon a mechanics' lien whether the lien contains the endorsement required by the statute, the state of the case does not tell it. It is therefore unnecessary to determine what would be the effect of the failure to endorse the mechanics' lien with the time of issuing the summons. As the record stands there is nothing to show—(1) that the suit is upon mechanics' lien; (2) that any mechanics' lien was offered in evidence or ever existed, or (3) if it did exist, that the proper endorsement was not placed thereon.

The judgment is affirmed.